■ In the Matter of MICHAEL P. (ANONYMOUS), Appellant.—Appeal from an order of the Family Court, Kings County, dated September 23, 1974, which, upon a fact-finding adjudication that appellant is a juvenile delinquent, committed him to the Elmira Reformatory for a period of three years. Order affirmed, without costs. Appellant was found to have committed acts which, if done by an adult, would constitute the crimes of rape in the first degree and possession of a knife. He offered a general denial and an alibi defense at the hearing. His testimony was rebutted by the victim's identification of him and by Detective Denaro's testimony of an admission by appellant. Although appellant's statement to officer Denaro was suppressed, cross-examination and rebuttal testimony relating to the admission made to the detective was proper to contradict appellant's trial testimony and to impeach his credibility (Harris v New York, 401 US 222). The testimony at the trial amply supported the Family Court's determination. Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.

■ In the Matter of CHARLES N. SMALLWOOD, Petitioner v RICHARD P. WARREN et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent Richard P. Warren terminating petitioner's employment by respondent Target Youth Centers, Inc., as director of the Roosevelt Youth Center. Proceeding dismissed, with $50 costs and disbursements. Respondent Target Youth Centers, Inc., is a not-for-profit corporation which, among other things, operates the Roosevelt Youth Center. Petitioner was hired as director of that center in June, 1973; his employment was terminated in April, 1974. He alleges in this proceeding that his termination was in violation of his constitutional right to due process of law. The proceeding should be dismissed because petitioner's termination was merely an internal, private action taken by his employer. There can be no violation of due process unless the requisite "State action" is present (see Blye v Globe-Wernicke Realty Co., 33 NY2d 15, 19); the fact that respondent Target Youth Centers, Inc., may have been the recipient of government funding is not a sufficient showing of State involvement or joint participation between the State and a private entity to constitute such action (see Bond v Dentzer, 494 F2d 302, 312; Penny v Kalamazoo Christian High School Assn., 48 Mich App 614). Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.