■ ALFRED M. HILL, Respondent, v WESTCHESTER AERONAUTICAL CORP., Doing Business as WESTAIR, et al., Appellants.— In an action to recover damages, *inter alia,* for breach of an alleged oral employment contract, and unlawful dismissal from employment in violation of Executive Law § 296 based upon age discrimination, defendants appeal from an order of the Supreme Court, Westchester County (Walsh, J.), dated July 23, 1984, which denied their motion for summary judgment.

Order reversed, on the law, with costs, motion granted and complaint dismissed.

Plaintiff's employment, pursuant to oral agreement, was not for a specific term and was, prima facie, a hiring at will (*see, Martin v New York Life Ins. Co.,* 148 NY 117, 121; *Parker v*

*Borock,* 5 NY2d 156, 159). Under certain circumstances, an action for breach of such an employment contract may be maintained, notwithstanding the indefinite term (*see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). However, unlike *Weiner,* we are not confronted with a situation where (1) a plaintiff was induced to leave his prior employment with the assurance that defendant would not fire him without cause, (2) such an assurance was incorporated into the employment application, and (3) employment was subject to the provisions in a handbook which stated that dismissal would be for just and sufficient cause only (*Weiner v McGraw-Hill, Inc., supra,* p 460). Plaintiff's bald allegations that defendant Westair promised not to fire him except upon just cause, and that he relied upon that promise, are insufficient to bring this case within the limits of *Weiner* (*see, Patrowich v Chemical Bank,* 98 AD2d 318, 323, *affd* 63 NY2d 541; *Utas v Power Auth.,* 96 AD2d 940; *Toshiba Am. v Simmons,* 104 AD2d 649; *Gould v Community Health Plan,* 99 AD2d 479).

Plaintiff did not allege that an employment manual provided that termination would be for just and sufficient cause only and he did not produce such a manual. Nor did he allege consideration additional to the ordinary services incident to employment which could support a limitation on the employer's right to terminate an employment of indefinite duration (*see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 464, *supra; Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304; *Heaman v Rowell Co.,* 236 App Div 34, *revd on other grounds* 261 NY 229).

Turning to plaintiff's claim of age discrimination, he merely alleged that he was "born on December 28, 1930" and that his dismissal from employment was based upon age discrimination in violation of Executive Law § 296. Defendants, in their motion for summary judgment, made factual assertions claiming cause for plaintiff's dismissal, as supported by documentary evidence. In addition, they asserted that 6 of 22 employees were about plaintiff's age or older. Without more, plaintiff's unsubstantiated allegation of discrimination was insufficient to defeat defendants' motion (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261-262).

We have considered plaintiff's remaining claim and find it to be without merit (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-302, *supra*). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.