■ GERARD J. DISKIN, Respondent, v CONSOLIDATED EDISON CO. OF N. Y., INC., Appellant.—In an action to recover damages for abusive discharge and breach of an employment contract, the defendant appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated December 3, 1986, which denied its motion for summary judgment dismissing the plaintiff's first and fourth causes of action.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed in its entirety.

In or about 1958 the plaintiff Gerard Diskin was hired by the defendant Consolidated Edison Co. of N. Y., Inc. (hereinafter Con Edison), as a junior technician, a position governed by

a collective bargaining agreement. In or about 1968 the plaintiff was promoted into the ranks of management and at that time became an employee at will. He was placed in a six-year management program, was promoted several times, held supervisory positions in several divisions and received numerous pay increases. In 1977, however, the plaintiff's work performance began to deteriorate and on August 20, 1979, he was notified that his employment with Con Edison would be terminated on December 31, 1979. The plaintiff then appealed his termination to the upper management of Con Edison, utilizing a procedure promulgated by Con Edison in its "Personnel Practices and Procedures" manual. Following a review of his case, upper management decided that it would not modify the decision to terminate his employment.

The plaintiff then commenced this action seeking damages for his wrongful termination. The plaintiff originally asserted five separate causes of action. However, by order dated August 11, 1981, from which plaintiff took no appeal, the Supreme Court, Nassau County (Burstein, J.), dismissed all of the causes of action except the first and fourth. The first and fourth causes of action are premised on abusive discharge and breach of contract. By notice of motion dated July 24, 1986, Con Edison moved for an order pursuant to CPLR 3212 dismissing the plaintiff's remaining causes of action on the grounds that (1) New York does not recognize a cause of action sounding in "abusive discharge", and (2) *Weiner v McGraw-Hill, Inc.* (57 NY2d 458) mandates dismissal of the breach of contract cause of action.

In opposition to the motion, the plaintiff relied primarily on the allegations of his previously served bill of particulars wherein he alleged he had been a whistleblower. He also alleged that on numerous occasions, his superiors made oral assurances that his entry into management would not jeopardize his employment security, and that he would only be discharged for cause. The plaintiff further alleged that he relied upon Con Edison's "Personnel Practices and Procedures" manual which, the plaintiff claims, indicates he would only be discharged for cause. The plaintiff argued, as he does now on appeal, that the guidelines contained in the manual, together with the oral assurances of upper management, created a contract of employment between him and Con Edison, into which must be implied a covenant of good faith and fair dealing, preventing his abusive discharge. The Supreme Court, Nassau County (Christ, J.), denied Con Edison's motion for summary judgment, finding that questions of fact

regarding the plaintiff's employment agreement necessitated a trial of both of the remaining causes of action. We disagree.

The plaintiff's cause of action to recover damages for abusive discharge from employment must be dismissed, as no such action is recognized in New York *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Furthermore, we hold that there is no question of fact as to whether Con Edison expressly agreed to limit its otherwise unfettered right to terminate the plaintiff's employment at will.

Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will terminable at any time by either party *(Sabetay v Sterling Drug, supra,* at 333; *Martin v New York Life Ins. Co.,* 148 NY 117, 121). An action to recover damages for the breach of an employment contract may be maintained, notwithstanding the indefinite term, where the existence of a limitation by express agreement is demonstrated by such circumstances as (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) that assurance is incorporated into the employment application, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal will be for just and sufficient cause only *(Weiner v McGraw-Hill, Inc., supra; see also, Kotick v Desai,* 123 AD2d 744).

Circumstances in this case do not warrant a trial on the issue of whether there existed a limitation by express agreement on Con Edison's right to discharge. The plaintiff was not "induced" to leave other employment when he was promoted to a management position and there was no written employment application or other document specifying that the plaintiff's employment was subject to the provisions of Con Edison's "Personnel Practices and Procedures" manual. Moreover, although the record reflects that Con Edison observed its own personnel guidelines as set forth in that manual, the manual itself contains no express limitation on Con Edison's right to terminate employment at will.

The plaintiff's breach of contract cause of action in effect rests on little more than alleged oral assurances by upper management personnel that he would be discharged only for cause. Those assurances are insufficient to bring this case within the limits of *Weiner v McGraw-Hill, Inc. (supra; see, Pellarin v General Motors Acceptance Corp.,* 127 AD2d 642; *Hill v Westchester Aeronautical Corp.,* 112 AD2d 977). Accord-

ingly, the breach of contract cause of action must also be dismissed. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.