■ DOROTHY DICKSTEIN, Respondent, v DEL LABORATORIES, INC., et al., Appellants, et al., Defendants.—In an action to recover damages, *inter alia,* for wrongful discharge, breach of an employment contract and unlawful dismissal based on age discrimination, the defendants Del Laboratories, Inc., and Dan K. Wassong, William Muilenberg and Melvyn Goldstein (officers of Del Laboratories, Inc.) appeal from so much of an order of the Supreme Court, Nassau County (Wager, J.), entered March 3, 1988, as after granting those branches of the appellants' motion which were to dismiss the plaintiff's seventh and eighth causes of action insofar as they are asserted against them, denied the remainder of their motion for summary judgment dismissing the remainder of the complaint in its entirety insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted in its entirety, the complaint is dismissed insofar as it is asserted against the appellants, and the action as against the remaining defendant is severed.

The plaintiff's employment with the appellant Del Laboratories, Inc. pursuant to a verbal agreement for an indefinite term was, prima facie, a hiring at will *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333). As this court has noted: "An action to recover damages for the breach of an employment contract may be maintained, notwithstanding the indefinite term, where the existence of a limitation by express agreement is demonstrated by such circumstances as (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) that assurance is incorporated into the employment applica-

tion, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal will be for just and sufficient cause only" *(Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777, *lv denied* 72 NY2d 802; *see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).

In this case, there are no triable questions of fact precluding the granting of the appellants' motion dismissing the plaintiff's breach of contract claim as a matter of law *(see, Sabetay v Sterling Drug,* 69 NY2d 329, *supra).* The plaintiff's deposition testimony reveals that the only inducements for leaving her previous job were the increase in salary and that the work was more interesting. Moreover, the personnel policy memorandum relied on by the plaintiff, while enumerating 12 reasons for an employee's dismissal, does not limit the appellants' right to discharge to just and sufficient cause only. Thus, the plaintiff's employment could have been terminated at will and, accordingly, her cause of action to recover damages for wrongful discharge should have been dismissed *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293).

The two remaining causes of action sounding in breach of contract, namely, the claim for breach of covenant of good faith and conspiracy to interfere with the plaintiff's employment contract, should similarly have been dismissed as a matter of law. It is well established that an obligation of good faith will not be implied in an at-will employment relationship since it would be incongruous to hold that an inference may be drawn that an employer impliedly agreed to a provision which would be destructive of his unfettered right to discharge an employee *(see, Murphy v American Home Prods. Corp., supra,* at 304-305; *Sabetay v Sterling Drug,* 69 NY2d 329, *supra).* With respect to the cause of action to recover damages for conspiracy to interfere with the plaintiff's employment contract, allegations of conspiracy may only serve to support an otherwise actionable tort *(see, Alexander & Alexander v Fritzen,* 68 NY2d 968, 969; *Falle v Metalios,* 132 AD2d 518, 520). Moreover, "[t]he keystone of the tort of interference with contractual relations is the existence of a contract" *(Papell v Calogero,* 114 AD2d 403, *mod on other grounds* 68 NY2d 705; *see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183).

With regard to her claim of unlawful dismissal based upon age discrimination, the plaintiff failed to raise a triable issue of fact in opposition to the appellants' evidentiary proof that she was not dismissed because of her age *(see, Hill v Westches-*

*ter Aeronautical Corp.,* 112 AD2d 977, 978). Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.