■ JOAN D'AVINO, Appellant, v JEROME TRACHTENBURG et al., Respondents.—In an action, *inter alia,* to recover damages for breach of an alleged employment agreement, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Hickman, J.), dated October 19, 1987, which granted the defendants' motion to stay examinations before trial and denied the plaintiff's cross motion, *inter alia,* to strike the defendants' answer, and (2) an order of the same court, dated December 22, 1987, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff Joan D'Avino was hired as a staff attorney by the defendant Legal Aid Society of Rockland County, Inc. (hereinafter the Legal Aid Society), in April 1974. In May 1981 the plaintiff became the Executive Director of the Legal Aid Society. The plaintiff alleges that she accepted this promotion in reliance upon an oral representation that she would have the same protection from discharge that was afforded to staff attorneys. Discharge of staff attorneys is governed by the Policies and Procedures Manual of the Legal Aid Society,

which provides that after a 12-month probation period, an employee may only be discharged for cause.

Following a negative evaluation of the plaintiff's job performance, on October 21, 1985, the Board of Directors of the Legal Aid Society voted to discharge her. Relying on the Policies and Procedures Manual, the plaintiff thereafter commenced suit against the Legal Aid Society and individual members of its Board of Directors, alleging, *inter alia,* that by terminating her employment, the Legal Aid Society breached an agreement not to discharge her without cause. The Supreme Court granted summary judgment and dismissed the plaintiff's complaint, finding that no questions of fact were raised with respect to whether this case falls within an exception to the general rule that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will terminable at any time by either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Martin v New York Life Ins. Co.,* 148 NY 117, 121). We agree that summary judgment was properly granted.

"An action to recover damages for the breach of an employment contract may be maintained, notwithstanding the indefinite term, where the existence of a limitation by express agreement is demonstrated by such circumstances as (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) that assurance is incorporated into the employment application, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal will be for just and sufficient cause only *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458)" *(Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777, *lv denied* 72 NY2d 802; *see also, Dickstein v Del Labs.,* 145 AD2d 408).

The plaintiff's statement that she relied on the discharge provisions in the Legal Aid Society's employment manual in accepting the position of Executive Director is insufficient to bring this case within the exception created by *Weiner v McGraw-Hill, Inc. (supra).* In accepting the promotion to a management position the plaintiff was not "induced" to leave other employment and there was no written employment application or other document specifying that the plaintiff's employment was subject to the provisions of the Legal Aid Society's employment manual *(see, Diskin v Consolidated Edison Co., supra).* Further, she did not allege that she refused any other employment opportunities because of the manual or because of what she believed to be the Legal Aid Society's

termination procedures *(see, Patrowich v Chemical Bank,* 98 AD2d 318, 323). The plaintiff's conclusory statements as to reliance cannot defeat a motion for summary judgment *(see, Hill v Westchester Aeronautical Corp.,* 112 AD2d 977; *Patrowich v Chemical Bank, supra).*

Furthermore, the plaintiff may not be permitted to evade the fact that there is now no cause of action in tort for abusive or wrongful discharge of an at-will employee, or subvert the traditional at-will contract rule by casting her cause of action in terms of prima facie tort and intentional infliction of emotional distress, and thus her eighth and ninth causes of action were properly dismissed *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303-304; *O'Donnell v Westchester Community Serv. Council,* 96 AD2d 885). In addition, the plaintiff's bare allegation that the president of the Legal Aid Society's Board of Directors and its personnel committee, which unfavorably evaluated her job performance, "maliciously" procured her termination does not sustain her remaining tort claim.

With respect to the plaintiff's fifth, sixth and seventh causes of action sounding in defamation, we note that as the statements alleged to be defamatory were cloaked with a qualified privilege, it was necessary for the plaintiff to make a showing that the statements were published with actual malice, which is defined as personal spite, ill will, or culpable recklessness or negligence *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56; *Murphy v Herfort,* 140 AD2d 415; *Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645). Since the plaintiff has failed to make any showing by evidentiary facts rather than conclusory allegations that the defendants were motivated by express malice, no issue of fact with regard to these claims is raised.

With regard to her claim of unlawful dismissal based upon age discrimination, the plaintiff has failed to raise a triable issue of fact in opposition to the defendants' evidentiary proof that she was not dismissed because of her age *(see, Dickstein v Del Labs.,* 145 AD2d 408, *supra; Hill v Westchester Aeronautical Corp.,* 112 AD2d 977, 978, *supra).*

Finally, we note that the plaintiff may not maintain her civil rights claim against the defendants pursuant to 42 USC § 1983, because the employment-related decisions of a non-profit legal services corporation do not constitute governmental action *(see, Gerena v Puerto Rican Legal Servs.,* 697 F2d 447; *Knauth v North Country Legal Servs.,* 575 F Supp 897). Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.