■ MORTON JAGUST, Respondent, v BROOKHAVEN MEMORIAL ASSOCIATION, INC., Doing Business as BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, et al., Appellants.—In an action, *inter alia,* to recover damages for breach of an employment contract, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Doyle J.), entered May 27, 1987, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted and the complaint dismissed.

The appellants are Brookhaven Memorial Association, Inc. (hereinafter the Hospital) and Francis G. Fosmire, its executive vice-president. The plaintiff, a member of the Hospital's medical staff, held an administrative position as director of its family practice residency program. In 1983, after the Hospital had learned that the plaintiff had engaged in improper billing practices and, in fact, had deliberately submitted bills for services that he had not rendered, he was discharged from the administrative post. The Hospital maintains that the plaintiff was an employee at will. The plaintiff claims that the Hospital's "Employee Handbook", its "Administrative Policy & Procedure Manual", and its bylaws, together impose a limit upon the Hospital's ability to summarily discharge him from his directorship. We agree with the Hospital.

Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).* However, beginning with the signal case, *Weiner v McGraw-Hill, Inc. (supra),* New York courts have recognized exceptions to this rule. In interpreting *Weiner v McGraw-Hill, Inc.,* this court has noted: "An action to recover damages for the breach of an employment contract may be maintained,

notwithstanding the indefinite term, where the existence of a limitation by express agreement is demonstrated by such circumstances as (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) that assurance is incorporated into the employment application, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal will be for just and sufficient cause only" *(Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777, *lv denied* 72 NY2d 802).

At bar, neither the handbook nor the manual states that an employee will be discharged *only* for cause. The failure of these documents to limit the Hospital's right to discharge the plaintiff only for just cause is fatal to the plaintiff's claim *(cf., Dickstein v Del Labs.,* 145 AD2d 408). Further, the bylaws at issue provide a hearing and review procedure to any member of the medical staff receiving notice of a hospital decision which "adversely affects" his (1) appointment or reappointment to the medical staff, (2) status as a member of the medical staff, or (3) exercise of clinical privileges. We conclude that the plaintiff would be entitled to a hearing under this provision of the bylaws only upon any decision affecting his membership on the Hospital medical staff. However, it is undisputed that the plaintiff has continued as a medical staff member after the termination of his directorship. Hence, the Hospital need not have afforded the plaintiff a hearing pursuant to those provisions. Accordingly, since the plaintiff "did not sufficiently present facts raising a triable issue regarding the existence of either an oral or written employment contract fixing employment of a definite duration" *(Ingle v Glamore Motor Sales,* 73 NY2d 183, 188) there are no triable issues of fact as to whether the Hospital could terminate the plaintiff's directorship at will *(see, Sabetay v Sterling Drug, supra).*

Moreover, since the claims against the defendant Fosmire hinge upon the propriety of the Hospital's actions, no triable issues of fact exist as to him either.

Under the circumstances, the defendants should have been granted summary judgment. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.