■ MARK MARVIN, Appellant, v KENT NURSING HOME et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered November 18, 1987, which, upon the granting of defendants' motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was the director of food services/dietician for the Kent Nursing Home. His employment was terminated on August 30, 1985, by the defendant Joseph Cornetta. The plaintiff alleges that this termination constituted a breach of an employment contract based on the terms of the Policy and Procedures Manual for the nursing home and related discipli-

nary procedures. The defendants assert that the plaintiff has failed to establish the existence of anything other than an employment as will. We agree with the defendants.

Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).* However, beginning with *Weiner v McGraw-Hill, Inc. (supra,* at 458), New York courts have recognized exceptions to this rule. As this court has noted: "An action to recover damages for the breach of an employment contract may be maintained, notwithstanding the indefinite term, where the existence of a limitation by express agreement is demonstrated by such circumstances as (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) that assurance is incorporated into the employment application, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal will be for just and sufficient cause only" *(Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777).

The Court of Appeals has declined to extend *Weiner v McGraw-Hill, Inc. (supra,* at 458) to implied contracts based on policy manuals *(Sabetay v Sterling Drug, supra,* at 329) or otherwise imply contract terms that are inconsistent with the basic nature of the at-will employment relationship *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304-305; *Dickstein v Del Labs.,* 145 AD2d 408). Thus, only an express limitation relied on by an employee will create a cause of action for breach of an employment contract.

In this case, there are no triable issues of fact to preclude the granting of the defendants' motion for summary judgment *(see, Sabetay v Sterling Drug, supra,* at 329). The plaintiff has failed to establish a material issue as to the existence of an express limitation and his requisite reliance thereon.

While the Policy and Procedures Manual and the disciplinary procedures list grounds for termination and procedures for discipline, they do not state that termination is limited to the grounds stated or that the disciplinary procedures will be followed in all cases. Notably, there is no express assurance that termination will be for cause only. This failure to establish an express limitation on the nursing home's right to discharge the plaintiff at will is fatal to the plaintiff's case *(see, Jagust v Brookhaven Mem. Assn.,* 150 AD2d 432; *Dick-*

*stein v Del Labs.,* 145 AD2d 408, *supra).* Moreover, the plaintiff has not established a material issue of fact as to his reliance on the Policy and Procedures Manual or the disciplinary rules. The plaintiff's deposition testimony reveals he was not induced to leave prior employment by assurances that he would not be terminated without cause; nor was he aware of the provisions in the policy manual at that time. The plaintiff does not lay bare any other facts establishing reliance sufficient to withstand the defendants' motion for summary judgment. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.