■ KURT W. STRUWE, Respondent, v R.E. CHAPIN MANUFACTURING WORKS, INC., et al., Appellants, et al., Defendant.— Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff was given an oral offer of employment, completed no employment application, and neither was offered nor asked for a written contract of

employment. This offer of employment for an unspecified period of time constitutes a hiring at will *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300; *Arentz v Morse Dry Dock & Repair Co.,* 249 NY 439, 443-444; *Kotick v Desai,* 123 AD2d 744; *Gould v Community Health Plan,* 99 AD2d 479). Plaintiff's alleged reliance upon verbal assurances by defendant's president "that anybody that was doing his job has employment as long as he wants" is insufficient to alter his at-will status *(see, Hill v Westchester Aeronautical Corp.,* 112 AD2d 977, 978). Plaintiff's reliance upon the job security provisions of the union collective bargaining agreement is misplaced. The agreement does not apply to plaintiff because, as a management employee, he is specifically excluded from its coverage *(see, Lagenor v Weed,* 127 AD2d 970). Because plaintiff is not a beneficiary of the agreement, he cannot seek protection under its terms *(see, O'Connor v Eastman Kodak Co.,* 65 NY2d 724, 725). (Appeal from order of Supreme Court, Erie County, Sedita, J.—summary judgment.) Present—Denman, J. P., Balio, Lawton and Lowery, JJ.