■ DAVID AHARANWA, Respondent, v TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Appellants.— Orders, Supreme Court, New York County (Eugene Nardelli, J.), entered on November 30, 1988, September 28, 1989 and October 30, 1989, respectively, which, *inter alia,* denied defendants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (7) and pursuant to CPLR 3212, only insofar as the complaint alleged a claim for breach of an employment contract, and which granted plaintiff's motion to amend the complaint, unanimously affirmed, without costs or disbursements.

It is well settled that New York does not recognize a cause of action for breach of an at-will employment contract, absent an express agreement limiting the employer's otherwise unfettered right to terminate the employment. *(Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465.)

Here, contrary to defendants' assertions, the IAS court did not err in determining that the plaintiff had sufficiently alleged a contractual limitation on defendants' right to terminate his at-will employment based upon policy numbers 113 and 113.3 of the Columbia Personnel Policy Manual, which provided that "officers of administration" would not be terminated except for "cause", as well as policy guidelines for termination of employment. Moreover, any conflict between these provisions and the disclaimer in the introduction cannot be resolved as a matter of law.

Similarly, the IAS court properly granted summary judgment in favor of the defendants dismissing that portion of the complaint setting forth a tort cause of action for wrongful termination of employment since New York does not recognize a cause of action in tort for abusive or wrongful discharge. *(D'Avino v Trachtenburg,* 149 AD2d 401, 403.)

The IAS court did not abuse its discretion nor were the defendants prejudiced by the amendment of the complaint to add facts in support of plaintiff's claim for breach of an employment contract. *(Fahey v County of Ontario,* 44 NY2d 934; *D'Onofrio v St. Joseph's Hosp. Health Center,* 101 AD2d 686.)* Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.