■ In the Matter of GARY M. FIAMMETTA, Petitioner, v ST. FRANCIS HOSPITAL, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent hospital's Grievance Review Committee, dated November 27, 1987, which sustained the respondent's termination of the petitioner's employment.

Adjudged that the proceeding is dismissed, with costs.

The respondent St. Francis Hospital (hereinafter the hospital), a not-for-profit private corporation, terminated the employment of the petitioner after he allegedly erred in measuring and logging the hospital's liquid oxygen reserves, causing an emergency situation. After the petitioner unsuccessfully challenged his discharge through the hospital's internal grievance procedure, he commenced the instant proceeding.

The hospital moved to dismiss the original petition on the grounds that it was untimely and failed to state a cause of action. The motion was denied. However, the Supreme Court, Nassau County (Morrison, J.), left open the question of whether the petition raised issues cognizable under CPLR 7803. Thereafter, a supplemental petition was served. The hospital's answer denied the substantive allegations and renewed the hospital's assertion that the petition should be dismissed. By order dated January 11, 1989, Justice Morrison found that the petition raised issues under CPLR 7803 (4) and transferred the proceeding to this court.

A proceeding in the nature of certiorari to review the termination of an individual's employment by a private employer is not within the purview of CPLR article 78 *(see, Matter of Scott v Rockaway Community Corp.,* 92 Misc 2d 178). Moreover, we will not convert the proceeding into an action under CPLR 103 (c) because the petitioner has failed to state a cause of action cognizable in this State. Thus, the petition is dismissed.

Absent an agreement establishing a fixed duration or a limitation by express agreement, employment by a private employer is presumed to be a hiring at will, which is terminable by either party at any time *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458;

*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304-305). Courts will not infer a contractual limitation on the employer's right to terminate at-will employment absent an "express agreement" to that effect which was relied upon by the employee *(Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777; *see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, *supra).* A limitation on the employer's right to terminate at-will employment will not be inferred solely from the existence of policy manuals or the existence of an internal grievance procedure *(see, Sabetay v Sterling Drug, supra; Marvin v Kent Nursing Home,* 153 AD2d 553; *Murphy v American Home Prods. Corp., supra; Dickstein v Del Labs.,* 145 AD2d 408). Thus, the grievance procedure afforded the petitioner did not limit the hospital's right to discharge him. Kooper, J. P., Eiber, Sullivan and Balletta, JJ., concur.