■ BARBARA PAOLUCCI, Appellant, v ADULT RETARDATES CENTER, INC., et al., Respondents.—In an action, inter alia, to recover damages for breach of an employment contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Ramirez, J.), entered February 23, 1990, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Absent an agreement establishing a fixed duration or a limitation by express agreement, employment by a private employer is presumed to be at will, and terminable by either party at any time (see, Sabetay v Sterling Drug, 69 NY2d 329, 333; Weiner v McGraw-Hill, Inc., 57 NY2d 458; Murphy v American Home Prods. Corp., 58 NY2d 293, 304-305). Courts will not infer a contractual limitation on the employer's right to terminate at-will employment absent an express agreement to that effect which is relied upon by the employee (Diskin v Consolidated Edison Co., 135 AD2d 775, 777; see, Weiner v McGraw-Hill, Inc., supra). In the instant case, the complaint failed to allege circumstances establishing anything other than an at-will employment relationship. Neither oral assurances made to the plaintiff nor a general provision in an employee manual were sufficient to limit the defendants' right to discharge the plaintiff at any time, for any reason (see, Diskin v Consolidated Edison Co., supra; see also, Sabetay v Sterling Drug, supra; Marvin v Kent Nursing Home, 153 AD2d 553; Murphy v American Home Prods. Corp., supra; Dickstein v Del Labs., 145 AD2d 408).

Moreover, although the employer was subject to State and local regulation and funding, its action in discharging the plaintiff did not constitute the requisite "State action" necessary to invoke due process protections (see, Gould v Community Health Plan, 99 AD2d 479; Matter of Smallwood v Warren, 50 AD2d 598; see generally, Blum v Yaretsky, 457 US 991; Sharrock v Dell Buick-Cadillac, 45 NY2d 152; Fried v Straussman, 41 NY2d 376). Thus, the plaintiff's complaint was properly dismissed in its entirety. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.