■ DELAVIN A. McDOWELL, Appellant, v ROBERT DART, Individually and as President of AERO INDUSTRIES, INC., et al., Respondents. [607 NYS2d 755] —Order unanimously affirmed without costs. Memorandum: Plaintiff concedes that there is no cause of action in New York for wrongful discharge of an at-will employee *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293). Plaintiff contends, however, that his termination falls within one of the exceptions to the rule enunciated in *Murphy.* We disagree. The statement of defendant Dart to plaintiff that plaintiff's job "was not in jeopardy" does not constitute an express agreement limiting or restricting the employer's right of discharge *(see, Struwe v Chapin Mfg. Works,* 161 AD2d 1179, *lv denied* 76 NY2d 709; *Hill v Westchester Aeronautical Corp.,* 112 AD2d 977). Plaintiff's reliance upon *Weiner v McGraw-Hill, Inc.* (57 NY2d 458) is misplaced. There, a representation in an employee handbook that plaintiff would be dismissed "for just and sufficient cause only" constituted an express agreement between the parties. Plaintiff is unable to point to any such agreement in this case.

The alleged defamatory statements made by defendant Dart fall within the rule that statements made by an employer regarding an employee's work performance are opinion and thus are not actionable *(see, Miller v Richman,* 184 AD2d 191; *Williams v Varig Brazilian Airlines,* 169 AD2d 434, *lv denied* 78 NY2d 854). Plaintiff contends that the statements are not expressions of opinion, but defamed him in his business or trade, is not supported by the record. Even if we were to conclude that the statements are not expressions of opinion, we would conclude that they are protected by a qualified privilege as communications "made by one person to another upon a subject in which both have an interest" *(Stillman v*

*Ford,* 22 NY2d 48, 53; *see, Williams v Varig Brazilian Airlines, supra,* at 438). In the absence of any proof of malice, statements protected by a qualified privilege are not actionable *(see, Klein v Prial,* 32 AD2d 925, *affd* 28 NY2d 506). Plaintiff has shown no evidence of malice and none can be presumed *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56). Plaintiff's causes of action for defamation therefore were properly dismissed. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.