ROBERT TRAMONDO, Appellant-Respondent, v PLAYBOY ENTERPRISES, INC., Respondent-Appellant. [609 NYS2d 124] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was employed as a sales manager for defendant from 1981 until his discharge in February 1989. Following the termination of his employment, plaintiff commenced the present action, alleging causes of action for breach of an employment agreement limiting defendant's right of discharge; breach of agreements relating to commissions, severance pay, vacation pay and expenses; violation of the provisions of Labor Law § 191-c concerning payment of earned commissions; and defamation.

Supreme Court properly granted summary judgment to defendant on the first cause of action, alleging that defendant terminated plaintiff's employment in violation of its agreement to discharge only for cause. Neither defendant's Employee Handbook and Policy Manual nor the oral representations of defendant's employees expressly limited defendant's right to terminate plaintiff's employment at will *(see, Marvin v Kent Nursing Home,* 153 AD2d 553; *Jagust v Brookhaven Mem. Assn.,* 150 AD2d 432, *lv denied* 74 NY2d 615; *Diskin v Consolidated Edison Co.,* 135 AD2d 775, *lv denied* 72 NY2d 802).

Summary judgment was also properly granted to defendant on plaintiff's third cause of action and those parts of the

second cause of action seeking unpaid commissions, severance pay and vacation pay. The proof establishes that plaintiff received all of the commissions and vacation benefits he was entitled to under the terms of his employment agreement. Further, there was no enforceable agreement imposing an obligation upon defendant to provide severance pay to plaintiff *(see, Smith v New York State Elec. & Gas Corp.,* 155 AD2d 850).

The court erred, however, in granting defendant's motion for summary judgment on plaintiff's fourth cause of action and on that part of plaintiff's second cause of action seeking reimbursement for expenses plaintiff incurred during his employment. In moving for summary judgment, defendant bore the burden of establishing its entitlement to judgment as a matter of law by tendering sufficient proof to demonstrate the absence of any material issue of fact *(see, Ayotte v Gervasio,* 81 NY2d 1062, 1063; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Defendant failed to meet that burden. Defendant presented no evidence to controvert plaintiff's allegations that its employees made false and defamatory statements that plaintiff was discharged because of "substance abuse" *(see, Carney v Memorial Hosp. & Nursing Home,* 64 NY2d 770, 772). Defendant also failed to submit proof showing that plaintiff was not entitled to certain unreimbursed business expenses. Defendant's failure to demonstrate the absence of any material issues of fact requires the denial of the motion with respect to plaintiff's cause of action for defamation and the claim for expenses, regardless of the sufficiency of plaintiff's opposing papers *(Ayotte v Gervasio, supra,* at 1063). We modify the order, therefore, by denying in part defendant's motion for summary judgment and reinstating the fourth cause of action and that part of the second cause of action seeking reimbursement for expenses plaintiff incurred during his employment.

Supreme Court did not abuse its discretion in denying defendant's cross motion for a default judgment on the counterclaims and in extending the time for plaintiff to serve his reply *(see,* CPLR 3012 [d]; *Continental Cas. Co. v Cozzolino Constr. Corp.,* 120 AD2d 779). (Appeals from Order of Supreme Court, Nassau County, Becker, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.