■ In the Matter of STANLEY OSTROW, Respondent, v STATE UNIVERSITY OF NEW YORK AT STONY BROOK et al., Appellants. [609 NYS2d 83] —In a proceeding pursuant to CPLR article 78 to compel the reinstatement of the petitioner to the faculty of the respondent School of Medicine of the State University of New York at Stony Brook and to the medical staff of the respondent University Hospital of the State University of New York at Stony Brook, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court,

Suffolk County (Mullen, J.), dated April 21, 1992, as granted the petitioner's motion for leave to reargue the petition, and upon reargument, directed the hospital to hold a hearing on the issue of the termination of the petitioner's medical staff membership and privileges, and the reasons underlying the termination of the petitioner's faculty appointment.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the proceeding is dismissed on the merits.

In 1982, the petitioner was appointed to the faculty of the School of Medicine of the State University of New York at Stony Brook (hereinafter the Medical School) to a nonsalaried, voluntary position, to continue at the "pleasure" of the President of the respondent State University of New York at Stony Brook (hereinafter the University). Shortly thereafter, he obtained an appointment as a member of the medical staff of the University Hospital of the State University of New York at Stony Brook (hereinafter the Hospital), to which he was subsequently reappointed for several two-year terms, the most recent of which commenced in October 1988.

The petitioner's Hospital staff membership was subject to a set of by-laws governing, inter alia, the rules and regulations for staff members. The by-laws provided, inter alia, that Hospital staff membership was contingent upon membership on the faculty of the Medical School, and that any action taken by the Hospital's medical board and, ultimately, its governing body, that resulted in the termination of a practitioner's Hospital staff membership or privileges was subject to an internal hearing and appellate review process, as set forth in Article III thereof. More particularly, with respect to "reappointments" to the Hospital staff, subsection 3 of section 7 of Article II of the by-laws provided: "Whether the recommendation of the Medical Board is for reappointment or non-reappointment, ultimate approval is required by the governing body. If the recommendation [of the Medical Board] * * * is for non-reappointment, such recommendation shall state the reasons therefor, which reasons shall be related to the * * * objectives of the institution, or the character, competency and/or qualifications of the staff member. *Termination of faculty appointment shall also result in non-reappointment*

\* \* \* No such adverse recommendation by the Medical Board shall be forwarded to the governing body until after the applicant has exercised or has been deemed to have waived his/her rights to a hearing, as provided in Article III of [the by-laws]. *In all instances, the final action of the governing body shall be communicated to the staff member in writing, such notification including the reasons for non-reappointment, which shall be related to* \* \* \* *objectives of the institution, or the character, competency, and/or qualifications of the staff member"* (emphasis supplied).

In May 1990 the petitioner was informed that his faculty "appointment" was being terminated because his teaching had been unsatisfactory, and he had not satisfactorily fulfilled his departmental obligations. The petitioner requested a hearing pursuant to Article III of the by-laws with respect to the termination of his faculty appointment, but he was informed that his termination from the faculty did not trigger any right to the hearing, because the termination was not the result of an adverse recommendation of the medical board.

In September 1990 the petitioner brought this proceeding, claiming that the termination of his faculty appointment and Hospital staff position and privileges was "arbitrary and capricious". The Supreme Court, by order dated March 25, 1991, granted the petition to the extent of remitting the matter to the medical board to commence the "hearing and appellate review procedures set forth in Article III of the [b]y-laws".

At the initial "hearing", the medical board upheld its original determination on the ground that the petitioner's Hospital staff appointment had been revoked solely on the basis of the termination of his faculty appointment, which the petitioner did not dispute. Thereafter, an "appellate" hearing was conducted, and the board adhered to its prior position, while the petitioner asserted that the refusal to address the merits of the reasons for his dismissal from the faculty "circumvented the hearing process".

In January 1992 the petitioner moved to reargue the petition on the basis, *inter alia,* that the appellants had acted in "bad faith" in applying the by-laws because no review of the reasons behind his termination from the faculty had occurred. Subsequently, the Supreme Court, *inter alia,* granted reargument, and directed a hearing addressing, on the merits, the reasons underlying the termination of the petitioner's faculty appointment.

Assuming, arguendo, that the Supreme Court properly

found that the petitioner was entitled to invoke the hearing procedures set forth in the by-laws (see, e.g., Jagust v Brookhaven Mem. Assn., 150 AD2d 432, 433; Matter of Martinez v Downstate Med. Ctr., 113 AD2d 753, 757), upon review of the record, we find that it improperly directed the Hospital to hold a hearing addressing the reasons underlying the termination of his faculty appointment.

Contrary to the Supreme Court's findings, the relevant provisions of the by-laws indicate that the petitioner's Hospital staff membership was, in fact, subordinate to his membership on the faculty of the Medical School. In this vein, an examination of the relevant provisions of the State regulations indicate that the petitioner's "appointment" to the faculty of the Medical School was "temporary", inasmuch as he was a voluntary, nonsalaried member thereof (see, 8 NYCRR 335.19). Moreover, such a "temporary" appointment was "termina[ble] at will" by the President of the University, and the petitioner had "no right of appeal from such termination" (8 NYCRR 338.1). In light of the fact that the President of the University had the unfettered ability to terminate the petitioner's appointment to the Medical School faculty, we find that it was incongruous for the Supreme Court to have directed that the medical board, which had no role in the termination of the petitioner's faculty appointment, to hold a hearing addressing the reasons underlying the termination. Also, we note that the mandates of subsection 3 of section 7 of Article II of the by-laws were satisfied, because the basis for the "non-reappointment" of the petitioner to the Hospital staff was related to the "objectives" of the Hospital, to wit, as a teaching institution, the Hospital sought to staff itself with faculty members whose academic performance was, at the very least, satisfactory.

Accordingly, since the petitioner has failed to demonstrate pursuant to subsection 8 of section 5 of Article III of the by-laws that the decision to terminate his Hospital staff membership was "arbitrary, unreasonable, or capricious", we find that the Hospital acted in good faith and within the parameters of the procedures set forth in its by-laws, thereby warranting reversal of the order appealed from and dismissal of the petition.

In light of the foregoing conclusion, we need not address the parties' remaining contentions. Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.