■ Kenneth Sikora, Appellant, v NYNEX Corporation, Respondent. [625 NYS2d 93] —In an action to recover damages for breach of contract, negligent misrepresentation, and defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Ingrassia, J.), dated November 16, 1993, as granted those branches of the defendant's motion which were to dismiss his first and second causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is true that under certain circumstances an action for breach of an employment contract may be maintained notwithstanding the absence of a fixed term of employment *(see,*

*Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). Here, the plaintiff's bald allegations that during the "interview process", two of the defendant's managers assured him that, with a few exceptions relating, *inter alia,* to drug and alcohol use, a job with the defendant was "tantamount to lifetime employment" and that he relied upon this promise, are insufficient to bring this case within the limits of *Weiner (see, D'Avino v Trachtenburg,* 149 AD2d 401; *Hill v Westchester Aeronautical Corp.,* 112 AD2d 977).

Moreover, while the plaintiff alleged that the defendant's personnel policies and procedures manual "was replete with language which insured lifelong employment at NYNEX unless the provisions of the NYNEX Code of Business Conduct were not adhered to", he failed in his opposition to the motion for summary judgment, to produce such a manual *(Hill v Westchester Aeronautical Corp., supra).*

Accordingly, it was proper for the Supreme Court to dismiss the first and second causes of action in the plaintiff's complaint. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.