■ SOLOMON LEVINE, Appellant, v SANDRA FELDMAN et al., Respondents. [626 NYS2d 151] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 13, 1994, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of reinstating the cause of action under the Human Rights Law, and otherwise affirmed, without costs.

Summary judgment on plaintiff's Human Rights Law cause of action was premature, since, without the benefit of any disclosure, plaintiff cannot prove that defendants' claim of economic necessity is a pretext for a termination that was actually motivated by age discrimination *(see, Parkoff v General Tel. & Elec. Corp.,* 53 NY2d 412, 416-418; *Ioele v Alden Press,* 145 AD2d 29, 36-37). The remainder of plaintiff's causes of action were properly dismissed. Any common law contract rights plaintiff might have to receive benefits under defendant

Fund's retirement plan is preempted by Federal law (29 USC § 1144 [a]; *see, Matter of Morgan Guar. Trust Co. v Tax Appeals Tribunal,* 80 NY2d 44). Plaintiff's Age Discrimination in Employment claims were not properly before the court because, having withdrawn his EEOC complaint, he never received a right-to-sue letter *(Sheehen v Purolater Courier Corp.,* 676 F2d 877), nor did he allege any equitable reason for waiving this requirement *(Hladki v Jeffrey's Consol.,* 652 F Supp 388). And, defendant Feldman's alleged oral assurances of continued employment for as long as plaintiff wished to work are insufficient by themselves to show an express agreement altering plaintiff's at-will status such as would give him a cause of action for breach of employment contract *(Paolucci v Adult Retardates Ctr.,* 182 AD2d 681). Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.