■ MILTON J. WHITE et al., Respondents, v WOLCOTT MOBILE HOMES, INC., Defendant and Third-Party Plaintiff. GERALDINE JAY, Doing Business as JAY'S CONSTRUCTION, Third-Party Defendant-Appellant. (Appeal No. 2.) [691 NYS2d 810] —Judgment unanimously reversed on the law without costs and plaintiffs' cross motion denied. Same Memorandum as in *White v Wolcott Mobile Homes* (262 AD2d 1053 [decided herewith]). (Appeal from Judgment of Supreme Court, Wayne County, Sirkin, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ BRIAN HARRINGTON, Doing Business as BOULEVARD AUTO GLASS, Respondent, v ROGER HASELEY, Appellant, et al., Defendants. [691 NYS2d 856] —Order unanimously affirmed without costs for reasons stated in decision at Niagara County Court, Fricano, J. (Appeal from Order of Niagara County Court, Fricano, J.—Small Claims.) Present—Pine, J. P., Lawton, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ SANDRA PANEK, Appellant, v TOOMEY RESIDENTIAL AND COMMUNITY SERVICE CORP., Respondent. [692 NYS2d 278] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendant's motion to dismiss the complaint for failure to state a cause of action (*see,* CPLR 3211 [a] [7]). Contrary to plaintiff's contention, the employee personnel manual does not limit or restrict defendant's right to terminate plaintiff's at-will employment (*see, Matter of De Petris v Union Settlement Assn.,* 86 NY2d 406, 410; *Moore v Anheuser-Busch,* 221 AD2d 913; *Stanton v Highland Hosp.,* 197 AD2d 854), nor was such right affected by plaintiff's execution of the employee warning notice, which provided that plaintiff could be terminated if her conduct persisted (*cf., McDowell v Dart,* 201 AD2d 895). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Pleading.) Present—Pine, J. P., Pigott, Jr., Hurlbutt and Scudder, JJ.