| Kinach v City of New York |
|:---:|
| 2024 NY Slip Op 30763(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152869/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. ARLENE P. BLUTH** | PART | 14 |
| | *Justice* | | |

-------------------------------------------------------------------------------X

WASYL KINACH,

                                  Petitioner,

                        - v -

THE CITY OF NEW YORK, BRAD LANDER AS
COMPTROLLER OF THE CITY OF NEW YORK

                           Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152869/2022 |
| MOTION DATE | 03/04/2024[1] |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 11, 16, 17, 18, 19, 20, 21, 22, 45, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for                          ARTICLE 78                         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83

were read on this motion to/for                          CONVERT                         .

Motion Sequence 001 and 002 are consolidated for disposition. Respondents' cross-motion to dismiss the petition (MS001) is granted. Petitioner's motion (MS002) to convert this Article 78 proceeding into a plenary action is denied.

**Background**

In the amended petition, petitioner contends that he worked for the New York City Comptroller's Office and was terminated after he refused to get the COVID-19 vaccine. He explains that his religious beliefs, particularly those related to abortion, prevented him from

---

[1] Although this proceeding was only assigned to the undersigned on March 4, 2024, the Court apologizes, on behalf of the court system, for the lengthy delay in the resolution of this proceeding.

**152869/2022   KINACH, WASYL vs. THE CITY OF NEW YORK ET AL**           **Page 1 of 7**
**Motion No.  001 002**

1 of 7

getting the vaccine. Petitioner insists he applied for a religious accommodation based on his Catholic faith from the vaccine mandate but that respondents denied that request.

He contends this decision was arbitrary and capricious and that the City wrongfully adopted a preference for the Catholic Church and the Pope's viewpoint about the COVID-19 vaccine rather than petitioner's own views about the vaccine. Petitioner insists that it is his moral obligation to avoid vaccines tested using fetal tissue regardless of whether the Catholic Church says it would be immoral to take such a vaccine.

Petitioner insists that respondents did not start from the required position that his beliefs were valid and complains he was never provided with a hearing about the denial of his request for an accommodation. He maintains that his beliefs could have been accommodated and that he can hold sincerely held religious beliefs even if they might conflict with those of the Pope.

Respondents cross-move to dismiss and insists that the denial of his request for religious accommodation was lawful. They contend that they set up a process in which individuals could seek such accommodations and petitioner was provided with the same process extended to all city employees. Respondents explain that the EEO Officer for the Comptroller's Office denied petitioner's accommodation request on November 10, 2021 following an interview with petitioner.

In this decision, the EEO Officer noted that federal law "does not protect social, political, or economic views, or personal preferences. Thus, objections to COVID-19 vaccination that are based on social, political, or personal preferences, or on nonreligious concerns about the possible effects of the vaccine, do not qualify as religious beliefs" (NYSCEF Doc. No. 36). She added that "the three vaccines have no tissues like aborted fetal cells, gelatin, or any materials from any animal" and that "Many faith institutions, including the Catholic church, have said in the absence

**152869/2022   KINACH, WASYL vs. THE CITY OF NEW YORK ET AL**
     **Motion No.  001 002**

**Page 2 of 7**

of an alternative vaccine not derived by using the cells, it is morally acceptable to get the vaccine developed or tested using cell lines originating from aborted fetuses" (*id*.).

She concluded that "While I understand and respect your strongly-held beliefs, this office cannot grant a religious exemption. Accordingly, your Reasonable Accommodation request for vaccine exemption based on religious belief is denied" (*id*.). The City's Appeals Panel then denied petitioner's appeal of this denial and adhered to the EEO's determination (NYSCEF Doc. No. 37).

Respondents contend that to the extent petitioner seeks to pursue Title VII claims, he failed to exhaust administrative remedies by not bringing a timely Equal Employment Opportunity Commission charge. They claim he was required to obtain a right to sue letter before filing a civil action with a Title VII civil rights claim.

In opposition to the cross-motion, petitioner insists that the accommodation denial was arbitrary and capricious. He insists that he never claimed that the Catholic Church prohibited all vaccines and it is irrelevant what a particular religion espouses. Petitioner adds that the Pope's thoughts are irrelevant concerning what constitutes a sincerely held religious belief.

Petitioner points to various decisions, many of which were authored by the undersigned, as a basis to grant the instant petitioner. He claims that there was no individualized basis for the denial of his accommodation request. Petitioner adds that the denial was also in violation of the Executive Law and the Free Exercise Clause of the United States Constitution. He admits that the did not obtain a right to sue letter and claims he did not have enough time to get one.

In reply, respondents contend that petitioner's accommodation request was not religiously based in that he took issue with the voluntariness of getting the vaccine and that was

**152869/2022   KINACH, WASYL vs. THE CITY OF NEW YORK ET AL**        **Page 3 of 7**
**Motion No.  001 002**

3 of 7

what violated his religious belief. They contend that there are many requirements that accompany jobs and voluntariness, on its own, is not a basis to grant a religious accommodation.

**Discussion**

In an article 78 proceeding, "the issue is whether the action taken had a rational basis and was not arbitrary and capricious" (*Ward v City of Long Beach*, 20 NY3d 1042, 1043, 962 NYS2d 587 [2013] [internal quotations and citation omitted]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*id.*). "If the determination has a rational basis, it will be sustained, even if a different result would not be unreasonable" (*id.*). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231, 356 NYS2d 833 [1974]).

As a preliminary matter, the Court observes that this proceeding is quite different from other cases in which the undersigned has granted petitions seeking religious accommodations from the COVID-19 vaccine (*e.g., Sutliff v Adams,* 2022 N.Y. Slip Op. 33644[U] [Sup Ct, New York County 2022]. In those disputes, there were no individualized assessments regarding an individual's request for a religious accommodation and, instead, the denial of the request largely consisted of checking boxes on a form without any accompanying analysis.

Here, the EEO officer had an interview with petitioner and then issued a decision that correlates directly to the objections raised by petitioner in his religious accommodation request. In fact, the EEO Officer addressed nearly all of the arguments raised by petitioner in his request. Simply put, the Court finds that respondents' decision to deny petitioner's request on the ground that his objections were social, political, or personal and based on erroneous facts concerning the

**152869/2022   KINACH, WASYL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 4 of 7**

4 of 7

vaccines was rational. And the Court emphasizes that the Citywide Panel determination specifically referenced reviewing the EEO's determination when denying petitioner's appeal. The Court finds that respondents' determination was neither arbitrary nor capricious based on the reasoning elucidated in the administrative record below (*see Marsteller v City of New York,* 217 AD3d 543, 544, 192 NYS3d 18 [1st Dept 2023] [finding that the denial of a religious accommodation request was rational]).

This was not a situation in which there was a blanket and conclusory denial with no reason provided. In any event, the Appellate Division, First Department has ruled that a Court can also consider the affirmation of Eric Eichenholtz (a generalized affirmation often included in vaccine accommodation request proceedings) regarding the Citywide Panel determinations (*Lynch v Bd. of Educ. of City School Dist. of City of New York*, 221 AD3d 456, 457 [1st Dept 2023]). This is uploaded as NYSCEF Doc. No. 56 here and it details the process, from a procedural perspective, afforded before this panel—this affirmation satisfies that petitioner was provided with the requisite process under both federal and state law.

The Court dismisses petitioner's Title VII claim as he admits he never followed the required procedures before the EEOC and obtained a right-to-sue letter (*Levine v Feldman*, 215 AD2d 182, 183, 626 NYS2d 151 [1st Dept 1995] [dismissing discrimination claim where petitioner did not receive a right-to-sue letter]). Nor did petitioner state a cognizable claim for breach of the free exercise clause for the reasons described above. Moreover, the Court also dismisses petitioner's claims under the NYC Human Rights Law and the New York State Executive Law. Simply put, respondents identified a valid reason for denying petitioner's request for a religious accommodation.

**152869/2022   KINACH, WASYL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 5 of 7**

5 of 7

The Court also denies petitioner's request to convert this proceeding to a plenary action pursuant to CPLR 103(c). Petitioner argued that "If the Court is in any way inclined to deny the Petition, Petitioner requests the Court convert this action to a plenary action" (NYSCEF Doc. No. 28 at 19). In this Court's view, the purpose of CPLR 103(c), a provision titled "improper form", is to ensure that a party that seeks relief improperly, such as commencing a special proceeding when a plenary action is required, has chance to have the dispute heard on the merits. It is not a way to get a second chance where a party has not prevailed. And here, petitioner's claims involve a challenge to an agency action—the clear purview of an Article 78 proceeding.

**Summary**

The fact is that respondents carefully considered petitioner's claims and found them to be political or personal rather than based on a sincerely held religious belief. They evaluated his claimed reasons for not wanting to get the vaccine and stressed that many faiths, including his own faith, have said it is morally acceptable to get the vaccine. Simply put, this Court is unable to find that the instant determination was irrational; that petitioner may disagree with respondents' determination is not a basis to grant the petition. Nor is it a basis to justify any of petitioner's causes of action.

Accordingly, it is hereby

ORDERED that respondents' cross-motion to dismiss the petition is granted; and it is further

ORDERED that petitioner's motion (MS002) to convert this special proceeding to a plenary action is denied; and it is further

**152869/2022   KINACH, WASYL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 6 of 7**

6 of 7

ADJUDGED that the petition is denied, this proceeding is dismissed without costs or disbursements.

| 3/11/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152869/2022   KINACH, WASYL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 7 of 7**

7 of 7

[* 7]