■ DAVID R. MAIMAN, Respondent, v LUFTEK, INC., et al., Appellants. — In an action to recover damages for breach of an employment contract, defendants appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated October 7, 1981, as denied the branches of their motion which sought summary judgment on the grounds that the complaint failed to state a cause of action and that a certain letter was insufficient to take the subject agreement out of the Statute of Frauds and (2) from a further order of the same court, dated November 17, 1981, which denied their motion for reargument. Appeal from the order dated November 17, 1981 dismissed. No appeal lies from an order denying reargument. Order dated October 7, 1981 reversed, insofar as appealed from, on the law, the aforesaid branches of defendants' motion are granted and the complaint is dismissed.

Defendants are awarded one bill of $50 costs and disbursements. Plaintiff alleges that on December 8, 1980, he entered into an oral contract with defendants and that under the terms of that contract he was to be employed at a set salary, with certain benefits, for a period of one year beginning January 12, 1981. He was discharged after one month. As the contract is one which, by its terms, is not to be performed within one year, it falls within the Statute of Frauds (see *Wahl v Barnum*, 116 NY 87; *Oddy v James*, 48 NY 685; *Billington v Cahill*, 51 Hun 132) and must therefore be evidenced by a note or memorandum which contains "expressly or by reasonable implication all the material terms of the agreement" (see *Cohon & Co. v Russell*, 23 NY2d 569, 575; General Obligations Law, § 5-701, subd a, par 1; *Poel v Brunswick-Balke-Collender Co. of N. Y.*, 216 NY 310, 314). As the memorandum in the case at bar fails to set forth, either expressly or by implication, the period of employment (cf. *Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48), it fails to constitute a "memorandum" within the meaning of the statute and the agreement is unenforceable. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.