■ ROBERTA S. MARKS, Appellant, v NASSAU COUNTY ASSOCIATION FOR THE HELP OF RETARDED CHILDREN, INC., et al., Respondents.—In an action to recover damages, *inter alia,* for breach of an employment contract, fraud and defamation, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated February 26, 1986, as granted those branches of the defendants' motion which were to dismiss the second, third, fourth, fifth and sixth causes of action of her complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In her second cause of action, the plaintiff alleged, *inter alia,* that (1) she and the defendants had entered into an oral contract in February 1985 pursuant to which the plaintiff would serve as Executive Director of the Nassau County Association for the Help of Retarded Children, Inc. (hereinafter AHRC) for at least five years, and (2) the defendants wrongfully terminated her employment as Executive Director in May 1985. Since the second cause of action alleged an oral contract of five years' duration, it was barred by the Statute of Frauds *(see, Cunnison v Richardson Greenshields Sec.,* 107 AD2d 50, 52). Nor does the alleged oral provision of the contract that the plaintiff could only be discharged for a flagrant neglect in the performance of her duties mandate a different result. This language contemplates the termination of the contract by the defendant AHRC within one year only upon a breach of the agreement by the plaintiff, and therefore it does not take the agreement outside the Statute of Frauds

*(see, D & N Boening v Kirsch Beverages,* 63 NY2d 449, 456, n). Accordingly, based on the record before it at that time, the Supreme Court, by its order dated February 26, 1986, properly dismissed the plaintiff's second cause of action.

In her third cause of action, which sounds in fraud, the plaintiff alleged, *inter alia,* that she was fraudulently induced to enter into a contract for employment as the defendant AHRC's Executive Director by reason of the following false representations: "26. In or about February 1985 defendants represented to plaintiff: a) that [defendant] Kaplan was about to retire from the position of Executive Director of AHRC; b) that AHRC was committed to employing plaintiff as successor Executive Director for at least 5 years and c) that AHRC had a legal obligation to comply with its representations." In essence, the plaintiff's third cause of action merely restates her cause of action to recover damages for breach of contract. It has been held that no cause of action for fraud arises "when the only fraud charged relates to a breach of contract" *(Miller v Volk & Huxley,* 44 AD2d 810; *Gould v Community Health Plan,* 99 AD2d 479; *cf., Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954, 956). Accordingly, the Supreme Court properly dismissed the plaintiff's third cause of action.

We have examined the plaintiff's remaining contentions concerning the fourth, fifth and sixth causes of action, and find them to be without merit *(see,* CPLR 3016 [a]; *Buffolino v Long Is. Sav. Bank,* 126 AD2d 508, 510; *Klein v Jamor Purveyors, Inc.,* 108 AD2d 344, 348; *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.