■ STANLEY G. GILINSKY, Respondent, v SARBRO REALTY CORPORATION, Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Harlem, J.), entered March 9, 1987 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

In June 1982, George K. Sarkisian, defendant's president, hired plaintiff to take over, manage, lease, develop and generally supervise the real estate holdings owned by defendant or its affiliates. Plaintiff maintains that compensation, terms and conditions of employment were set forth by Sarkisian in an internal memorandum dated June 7, 1982. This memorandum was modified or clarified by succeeding memoranda dated June 22, 1982, March 29, 1983 and December 11, 1984. Plaintiff endeavored to set forth his understanding of the compensation plan and terms of employment in a memorandum to Sarkisian dated December 17, 1984.

Plaintiff was terminated on or about August 26, 1985. Plaintiff commenced this action on March 4, 1986 seeking, in his first cause of action, $355,755 as damages for breach of the alleged employment agreement. He contends that he was to receive various specific percentages of rental income dependent upon the circumstances under which the rentals were received and also an equity position in real estate developments which he originated. The second cause of action seeks recovery on the basis of quantum meruit for managerial, sales and development services performed in the identical sum of $355,755. The answer asserts several affirmative defenses based upon the absence of a writing sufficient to satisfy the Statute of Frauds. In addition, defendant asserts (1) that Real Property Law article 12-A bars recovery of real estate commissions by a nonlicensed broker or salesman, (2) that the complaint fails to state a cause of action, (3) waiver and estoppel, and (4) that if any contract existed, it was breached by plaintiff. Defendant also counterclaimed to recover $43,454.89 for advance payments never earned by plaintiff. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, giving rise to this appeal.

To satisfy the Statute of Frauds, a writing must include " 'substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is' " *(Kobre v Instrument Sys. Corp.,* 54 AD2d 625, 626, *affd* 43 NY2d 862, quoting *Mentz v Newwitter,* 122 NY 491, 497). However, "[t]he statute does not require the writing 'to be in one document. It may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion' " *(Klein v Jamor Purveyors,* 108 AD2d 344, 347-348, quoting *Marks v Cowdin,* 226 NY 138, 145; *see, Crabtree v Arden Sales Corp.,* 305 NY 48, 54). Parol evidence and proof of the surrounding circumstances may be presented *(Abady v Interco, Inc.,* 76 AD2d 466, 472). The essential elements of an employment contract are the parties to the contract, the position to be assumed, the salary or compensation to be received and the duration *(Crabtree v Arden Sales Corp., supra,* at 54).

These principles in mind, we find that the several memoranda in the record generated by Sarkisian, when read together, demonstrate an employment relationship commencing June 7, 1982, terminable at will upon 30 days' notice, with the duties and compensation levels listed. While resort to other books, records, documents and the conduct of the parties may be necessary to ascertain specific compensation and other intentions, at least the two memoranda which bear authentication by Sarkisian establish a contractual relationship between the parties for plaintiff's employment *(see, Grimm v Marine Midland Bank,* 117 AD2d 901, 903; *cf., Maiman v Luftek, Inc.,* 88 AD2d 946, 947). The combined writings form a contract and refute defendant's claim that the Statute of Frauds bars recovery. Inasmuch as the issues revolve around plaintiff's employment, there is no merit to defendant's claim that Real Property Law § 442-a bars recovery *(see, e.g., Seider v Fagin,* 40 Misc 2d 425, 426). Where there is any significant doubt whether triable issues of fact exist, summary judgment should be denied *(Phillips v Kantor & Co.,* 31 NY2d 307, 311), particularly when, as here, sufficient writings to satisfy the Statute of Frauds exist and it does not appear that the parties intended to require a fully executed contract to bind them *(see, APS Food Sys. v Ward Foods,* 70 AD2d 483).

Order affirmed, with costs. Kane, J. P., Weiss, Yesawich, Jr., and Harvey, JJ., concur.