◼ STEVEN DOYNOW, Appellant, v NYNEX PUBLISHING COMPANY et al., Respondents. [608 NYS2d 683] —In an action to recover damages for breach of an employment agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated January 13, 1992, which granted the defendants' motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff alleged that he had entered into an oral five-year employment agreement to act as Senior Vice-President and Associate Publisher of the defendants' magazine.

Absent an agreement establishing a fixed duration or a limitation by express agreement, employment by a private employer is presumed to be at will, and terminable by either party at any time (Sabetay v Sterling Drug, 69 NY2d 329; Murphy v American Home Prods. Corp., 58 NY2d 293, 304-305; Paolucci v Adult Retardates Ctr., 182 AD2d 681). Courts will not infer a contractual limitation on the employer's right to terminate at-will employment absent an express agreement to that effect which is relied upon by the employee (see, Diskin v Consolidated Edison Co., 135 AD2d 775, 777; see also, Weiner v McGraw-Hill, Inc., 57 NY2d 458). In the instant case, the plaintiff alleged that there was an oral contract of five years' duration, and thus his claim is barred by the Statute of Frauds (see, Marks v Nassau County Assn. for Help of Retarded Children, 135 AD2d 512; Cunnison v Richardson Green-

*shields Sec.,* 107 AD2d 50, 52). Since there was no enforceable agreement in this case, the complaint failed to allege circumstances establishing anything other than an at-will employment relationship.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.