■ THOMAS MAYER, Appellant, v PUBLISHERS CLEARING HOUSE, Respondent. [613 NYS2d 190] —In an action to recover damages for, inter alia, breach of contract, the plaintiff ap-

peals from an order of the Supreme Court, Nassau County (Burke, J.), dated October 23, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for breach of contract and promissory estoppel based upon the rescission by the defendant, Publishers Clearing House, of a written offer of employment after he had accepted it. The offer failed to indicate a specified term of employment, nor did it state that the plaintiff's employment could only be terminated for cause.

"It is well settled that neither party has a cause of action for breach of contract where the contract is one for employment at will * * *. In order for an employee to prevail on an action for breach of an employment contract, he must show that the contract was for a specified duration, or that he expressly conditioned acceptance of the job on the employer's assurance that he would not discharge him without cause" (Lerman v Medical Assocs., 160 AD2d 838, 839; see also, Sabetay v Sterling Drug, 69 NY2d 329; Bower v Atlis Sys., 182 AD2d 951). Thus, the Supreme Court properly dismissed the breach of contract cause of action.

In addition, the Supreme Court properly dismissed the promissory estoppel cause of action. That the defendant promised the plaintiff employment and suggested some terms of employment which led the plaintiff to leave his former job does not constitute promissory estoppel (see, Dalton v Union Bank, 134 AD2d 174). Bracken, J. P., Miller, Joy and Altman, JJ., concur.