■ SAMUEL LANZET, Respondent, v EASTERN WHOLESALE FENCE Co. et al., Appellants. [624 NYS2d 443] —In an action to recover damages for breach of a purported employment contract, the defendants appeal from a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated August 31, 1993, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $52,508.38.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff allegedly entered into an oral employment agreement with the defendants on March 23, 1991, which he claimed included a guarantee of an initial term of employment of one year. In making an offer of employment to the plaintiff, the defendants' vice president signed an "offer sheet" which contained such items as salary, bonus, and health insurance, but did not include an express period of employment. The plaintiff commenced working for the defendants on March 25, 1991, and was discharged on June 14, 1991. This action for breach of contract ensued.

The trial court concluded that a statement in the offer sheet "full review 1 year, then every August" was ambiguous and, at the trial, parol evidence was admitted to determine its meaning. The trial court ultimately concluded that the plaintiff was offered a guarantee of one year of employment and awarded him damages.

Since the alleged oral agreement was made before the plaintiff's employment was to commence and was to be performed for one full year thereafter, the agreement was covered by the Statute of Frauds *(see, Tallini v Business Air,* 148 AD2d 828; *Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318; *Gottlieb v Gins,* 102 Misc 686; General Obligations Law § 5-701 [a] [1]). For a writing to meet the requirements of the Statute of Frauds, it must contain all of the material terms of the agreement *(see, Cohon & Co. v Russell,* 23 NY2d 569, 575). In an employment agreement, the duration of employment is a material term. Since the offer sheet did not include the duration of the plaintiff's employment, the Statute of Frauds was not satisfied. Furthermore, parol evidence may not be used to prove that a writing constitutes the parties' agreement if the writing is insufficient on its face to satisfy the Statute of Frauds *(see, Scheck v Francis,* 26 NY2d 466; 61 NY Jur 2d, Statute of Frauds, § 321). "It is settled law in New York that, absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" *(Sabetay v Sterling Drug,* 69 NY2d 329, 333; *see also, Mayer v Publishers Clearing House,* 205 AD2d 506; *Doynow v Nynex Publ. Co.,* 202 AD2d 388). Consequently, the plaintiff was employed at will, and his complaint should have been dismissed *(see, Mayer v Publishers Clearing House, supra; Doynow v Nynex Publ. Co., supra).*

In view of our determination, we need not reach the defendants' remaining contention. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.