■ Whitehorn Associates, Inc., Respondent, v One Ten Brokerage et al., Appellants. [694 NYS2d 466] —In an action to recover damages for breach of an oral contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 23, 1998, as denied their motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was to amend the complaint to assert a cause of action to recover damages for unjust enrichment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is an insurance broker who alleges that he

procured clients for the appellants pursuant to an oral agreement. Under the terms of the alleged agreement the plaintiff was to receive 50% of the fee received by the appellants for each new account they generated, and 50% of the fee paid on insurance policy renewals. The plaintiff alleges that the appellants breached the oral agreement when they failed to pay the plaintiff's share of the commissions for a policy renewal on one of the accounts.

The appellants contend that the Supreme Court erred in denying their motion for summary judgment because the plaintiff's claim that he is entitled to the renewal commissions pursuant to an oral agreement is barred by the Statute of Frauds. General Obligations Law § 5-701 (a) (1) requires an agreement to be in writing and subscribed by the party to be charged if such agreement "[b]y its terms is not to be performed within one year from the making thereof".

Although an oral promise to pay renewal commissions following the termination of an at-will employment relationship is unenforceable under the Statute of Frauds (*see, Caruso v Malang,* 250 AD2d 800; *Gold v Benefit Plan Adm'rs,* 233 AD2d 421; *Apostolos v R.D.T. Brokerage Corp.,* 159 AD2d 62; *Dickenson v Dickenson Agency,* 127 AD2d 983) the plaintiff has produced sufficient memoranda which expressly, or through reasonable implication, state all the material terms of the agreement which will satisfy the Statute of Frauds (*see, Morris Cohon & Co. v Russell,* 23 NY2d 569; *Lanzet v Eastern Wholesale Fence Co.,* 213 AD2d 601). In addition, the plaintiff produced evidence that the defendants admitted to entering into the agreement (*see, Matisoff v Dobi,* 90 NY2d 127; *Morris Cohon & Co. v Russell, supra*), and that he partially performed the agreement, which performance could be "characterized as unequivocally referable to the agreement alleged" (*see, Messner Vetere Berger McNamee Schmetterer Euro RSCG Inc. v Aegis Group plc,* 93 NY2d 229).

Leave to amend a complaint should be freely granted unless the proposed amendment prejudices or surprises the opposing party, is palpably insufficient as a matter of law, or is totally devoid of merit (*see, Del Bourgo v 138 Sidelines Corp.,* 208 AD2d 795). The proposed amended complaint, which is based upon the same transactions and occurrences as the original complaint, did not result in prejudice or surprise and it cannot be said that the amendment is palpably insufficient as a matter of law or totally devoid of merit. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.