■ HOWARD M. JASLOW, Appellant, v PEP BOYS—MANNY, MOE & JACK, et al., Respondents. [719 NYS2d 881] —In an action, *inter alia,* to recover damages for breach of implied warranty and violation of General Business Law § 349, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County

(Martin, J.), entered April 27, 2000, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and (2) a judgment of the same court, entered July 12, 2000, upon the order, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action to recover for an alleged violation of General Business Law § 349. It is well settled that dismissal pursuant to CPLR 3211 may be granted where " 'documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law' " (*Held v Kaufman,* 91 NY2d 425, 430-431; *Leon v Martinez,* 84 NY2d 83, 88). Further, under CPLR 3211 "a trial court may use affidavits in its consideration of a pleading motion to dismiss" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Nevin v Laclede Professional Prods.,* 273 AD2d 453). The documentary evidence submitted by the defendants established that they did not engage in "deceptive acts or practices" as that term is used in General Business Law § 349, in conducting their business relative to the packaging and sale of the license plate guards in question.

The plaintiff's remaining contentions are without merit. Ritter, J. P., S. Miller, Goldstein and Smith, JJ., concur.