■ GENE McCOY, Appellant, v NULUX, INC., Respondent. [728 NYS2d 757] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated August 29, 2000, which granted the defendant's motion for summary judgment dismissing the complaint, and denied his cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

In 1990 the plaintiff founded the defendant corporation with nonparty Edison Price. In 1997 Price died and the plaintiff agreed to become president and CEO of the defendant. In December 1998 the plaintiff expressed an intent to resign his position, but agreed to stay on, at the behest of the defendant. The parties agreed that a written contract for the plaintiff to be employed by the defendant for one year would be executed. It is undisputed, however, that no written agreement was ever entered into, and on or about May 12, 1999, the plaintiff was terminated from his position with the defendant. He thereafter commenced this action to recover damages for breach of contract, seeking the balance of his salary for the year in question, i.e., 1999, and reimbursement for certain expenses he allegedly incurred in the course of his employment. The Supreme Court granted the defendant's motion for summary judgment and dismissed the complaint.

Absent an agreement establishing a fixed duration, an employment is presumed to be a hiring at will, terminable at any time by either party for any or no cause, absent a constitutionally-impermissible purpose or a statutory proscription (*see, Lobosco v New York Tel. Co. / NYNEX,* 96 NY2d 312;

*Cron v Hargro Fabrics,* 91 NY2d 362; *Sabetay v Sterling Drug,* 69 NY2d 329; *Lanzet v Eastern Wholesale Fence Co.,* 213 AD2d 601; *Doynow v Nynex Publ. Co.,* 202 AD2d 388). The plaintiff failed to raise a triable issue of fact as to the existence of a valid and enforceable oral agreement for the defendant to employ him for one year in opposition to the defendant establishing its prima facie entitlement to summary judgment on that issue. Furthermore, the defendant was entitled to judgment as a matter of law on the plaintiff's claim for reimbursement of certain employment-related expenses, on the ground that the Statute of Limitations had run (*see,* CPLR 213). Goldstein, J. P., McGinity, Luciano and Crane, JJ., concur.