■ In the Matter of DESIGN CONCEPTS, LTD. BRUCE ZIPES, Appellant, v TERENCE WALSH, Respondent. (Matter No. 1.)

BRUCE ZIPES et al., Appellants, v TERENCE WALSH, Respondent, et al., Defendants. (Matter No. 2.) BRUCE ZIPES, Appellant, v DESIGN CONCEPTS, LTD., Respondent. TERENCE WALSH, Intervenor-Respondent. (Matter No. 3.) [741 NYS2d 93] —In a proceeding pursuant to Business Corporation Law § 1104 for the dissolution of Design Concepts, Ltd., and two related actions for, inter alia, an accounting and repayment of a loan, respectively, which were joined for trial, Bruce Zipes appeals in Matter Nos. 1 and 3, and Bruce Zipes and Design Concepts, Ltd., appeal in Matter No. 2, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Martin, J.), entered February 1, 2001, which, after a nonjury trial, awarded Terence Walsh the principal sum of $270,000 to be paid out of the assets of Design Concepts, Ltd., and one half of the remaining assets of Design Concepts, Ltd.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Design Concepts, Ltd. (hereinafter DCL), was a corporation formed in 1984 by the appellant Bruce Zipes to build a house that was to be his personal residence. Zipes was initially the sole shareholder of DCL. His then brother-in-law, Terrence Walsh, was designated secretary-treasurer of DCL. In essence, Zipes hired Walsh to build the house. After it was completed, Zipes and Walsh, through DCL, began a business of constructing other luxury homes on Long Island. In 1988 Walsh was issued 50% of DCL's shares of stock. However, as Zipes's marriage to Walsh's sister failed, so too did the business relationship in DCL, resulting in the instant proceeding for dissolution of DCL and claims for damages by each of the principals.

After a nonjury trial, the Supreme Court found that Walsh established his cause of action to recover damages for fraudulent misrepresentation by clear and convincing evidence. In making its determination, the court found Walsh more credible than Zipes, and determined that Walsh had been denied his rightful earnings and was misled by Zipes's false promises of an interest in the profits of a real estate enterprise which Zipes had no intention of fulfilling. The court awarded damages to Walsh in the sum of $270,000 and declared his entitlement to one half of the net assets of DCL. We affirm.

Zipes contends, inter alia, that Walsh's claims are barred by the statute of frauds as they were not memorialized in written agreements. However, Walsh demonstrated that Zipes admitted entering into the challenged agreements (*see Matisoff v Dobi,* 90 NY2d 127, 133; *see also Whitehorn Assoc. v One Ten*

*Brokerage,* 264 AD2d 516, 517). Moreover, Walsh partially performed the agreements and his performance was unequivocally referable to the agreements (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group,* 93 NY2d 229, 235; *see also Whitehorn Assoc. v One Ten Brokerage, supra* at 517; *Spodek v Riskin,* 150 AD2d 358, 360; *Fiske v Fiske,* 95 AD2d 929, 931, *affd* 62 NY2d 828). As such, enforcement of the oral agreements is not barred by the statute of frauds.

Zipes's further contention that Walsh's claims are barred by the statute of limitations must also fail. Under the circumstances of this case, where Walsh was induced by Zipes's misrepresentations from filing a timely claim, Zipes may not assert the statute of limitations as a shield against an action which he forestalled (*see Simcuski v Saeli,* 44 NY2d 442; *Schirano v Paggioli,* 99 AD2d 802).

The appellants' remaining contentions are without merit. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.