■ PAULA J. CHAZEN, Appellant, v PERSON/WOLISKY, INC., Respondent. [766 NYS2d 360] —In an action, inter alia, to recover damages for breach of an employment agreement, the plaintiff appeals, as limited by her brief, from so much an order of the Supreme Court, Suffolk County (Bracken, J.), dated July 8, 2002, as granted the defendant's motion to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which

was to dismiss the second cause of action alleging breach of a profit-sharing agreement and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the second cause of action alleging breach of a profit-sharing agreement is reinstated.

It is well established that absent an agreement establishing a fixed duration or a limitation by express agreement, employment by a private employer is presumed to be at will, and terminable by either party at any time (*see Sabetay v Sterling Drug,* 69 NY2d 329 [1987]; *Murphy v American Home Prods. Corp.,* 58 NY2d 293 [1983]; *Riccardi v Cunningham,* 291 AD2d 547 [2002]). "Courts will not infer a contractual limitation on the employer's right to terminate an at-will employment absent an express agreement to that effect which is relied upon by the employee" (*Doynow v Nynex Publ. Co.,* 202 AD2d 388 [1994]; *see Lobosco v New York Tel. Co. /NYNEX,* 96 NY2d 312 [2001]; *McCoy v Nulux, Inc.,* 285 AD2d 633 [2001]).

In the present case, the defendant established its entitlement to judgment as a matter of law as to the first, third, fourth, and fifth causes of action by presenting evidence which demonstrated that the plaintiff was an at-will employee who could be terminated at any time (*see Mayer v Publishers Clearing House,* 205 AD2d 506 [1994]; *Maiman v Luftek, Inc.,* 88 AD2d 946 [1982]). In opposition, the plaintiff failed to raise a triable issue of fact as to those causes of actions (*see Lanzet v Eastern Wholesale Fence Co.,* 213 AD2d 601 [1995]; *Doynow v Nynex Publ. Co.,supra; see also Weiner v McGraw-Hill, Inc.,* 57 NY2d 458 [1982]). Accordingly, the Supreme Court properly dismissed the plaintiff's first, third, fourth, and fifth causes of action, which sought to recover damages for breach of an employment contract.

However, the Supreme Court erred in granting that branch of the defendant's motion which sought to dismiss the plaintiff's second cause of action, which was based on a separate agreement by the parties regarding the plaintiff's entitlement to a percentage of the defendant's net profits. The defendant failed to produce sufficient evidence to conclusively establish a defense to that cause of action (*see* CPLR 3211 [a] [1]; *Held v Kaufman,* 91 NY2d 425 [1998]; *Trade Source v Westchester Wood Works,* 290 AD2d 437 [2002]; *Jaslow v Pep Boys-Manny, Moe & Jack,* 279 AD2d 611 [2001]).

The parties' remaining contentions are without merit.

Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.