■ BALASUBRAMANIAN RAJAGOPALAN, Appellant, v MOUNT SINAI MEDICAL CENTER et al., Respondents. [769 NYS2d 524]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered September 20, 2002, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The letter agreement under which plaintiff was appointed to a five-year term as associate professor is unambiguous, and its interpretation likewise presents a question of law for the court, to be made without resort to extrinsic evidence (*West, Weir & Bartel v Carter Paint Co.*, 25 NY2d 535, 540 [1969]). Upon expiration of the specified period of employment, plaintiff "failed to demonstrate a limitation by express agreement on his employer's unfettered right to terminate at will" (*Sabetay v Sterling Drug*, 69 NY2d 329, 336 [1987]).

To incorporate the terms of an employee handbook into a contract of employment, the employee must demonstrate reliance upon its terms and resulting detriment (*cf. Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 465-466 [1982]). Plaintiff has established neither. His references to the faculty handbook include no mention of any express restriction on the right of termination (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305 [1983]). To the contrary, the handbook specifically provides that the departmental chair "may recommend reappointment for an additional five year term . . . or not reappoint the individual to the faculty of Mount Sinai School of Medicine."

Plaintiff received the full benefit of the promised employment for the stated five-year period, and has identified no breach of contract by defendants. We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.