■ ELIZABETH MILLER, Respondent, v HUNTINGTON HOSPITAL et al., Appellants. [792 NYS2d 88]—

In an action to recover damages for breach of contract and

negligence, the defendants appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated November 24, 2003, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"It is well settled that absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party, for any reason or even for no reason" (*DeSimone v Supertek, Inc.,* 308 AD2d 501, 502 [2003]). The plaintiff was an at-will employee who could be terminated at any time. The plaintiff's reliance upon the defendant Huntington Hospital's personnel handbook (*see Horn v New York Times,* 100 NY2d 85, 96 [2003]; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458 [1982]; *Rajagopalan v Mount Sinai Med. Ctr.,* 2 AD3d 232 [2003]) is misplaced since, inter alia, the handbook contains an explicit disclaimer of a contractual relationship (*see Lobosco v New York Tel. Co./NYNEX,* 96 NY2d 312, 316 [2001]). " 'Courts will not infer a contractual limitation on the employer's right to terminate an at-will employment absent an express agreement to that effect which is relied upon by the employee' " (*Chazen v Person/Wolisky, Inc.,* 309 AD2d 889, 890 [2003], quoting *Doynow v Nynex Publ. Co.,* 202 AD2d 388 [1994]). Accordingly, the Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action which sought damages for breach of an employment contract for failure to state a cause of action.

The Supreme Court also should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action alleging negligence for failure to state a cause of action. "While an intentional tort may give rise to a cause of action outside the ambit of the Workers' Compensation Law, the complaint must allege 'an intentional or deliberate act by the employer directed at causing harm to this particular employee' " (*Fucile v Grand Union Co.,* 270 AD2d 227, 228 [2000], quoting *Mylroie v GAF Corp.,* 81 AD2d 994, 995 [1981], *affd* 55 NY2d 893 [1982]). The second cause of action does not allege that the defendants participated in the co-employee's alleged assault upon the plaintiff, and therefore is barred by the exclusivity provision of Workers' Compensation Law § 29 (6) (*see Thompson v Maimonides Med. Ctr.,* 86 AD2d 867, 868 [1982]; *Fucile v Grand Union Co., supra* at 228). " 'In order to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences of

the act. A mere knowledge and appreciation of a risk is not the same as the intent to cause injury' " (*Acevedo v Consolidated Edison Co. of N.Y.,* 189 AD2d 497, 501 [1993], quoting *Finch v Swingly,* 42 AD2d 1035 [1973]). Allegations that an employer negligently exposed an employee to a substantial risk of injury have therefore been held insufficient to circumvent the exclusivity of the remedy provided by the Workers' Compensation Law (*see Gagliardi v Trapp,* 221 AD2d 315, 316 [1995]; *Nash v Oberman,* 117 AD2d 724, 725 [1986]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.