■ JAMES E. DURSO et al., Appellants, v MARK E. BAISCH et al., Respondents. [830 NYS2d 327]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered July 14, 2005, as granted the defendants' motion for summary judgment dismissing the first, second, third, and sixth causes of action alleging breach of contract and intentional infliction of emotional distress.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To satisfy the statute of frauds, a writing must identify the parties, describe the subject matter, state all the essential terms of an agreement, and be signed by the party to be charged" (*Urgo v Patel,* 297 AD2d 376, 377 [2002]). Where reference to several writings is used to satisfy the statute of frauds, all of the material terms must be set out in the various writings (*see Crabtree v Elizabeth Arden Sales Corp.,* 305 NY 48, 55-56 [1953]). The elements of an effective employment contract consist of "the identity of the parties, the terms of employment, which include the commencement date, the duration of the contract and the salary" (*Merschrod v Cornell Univ.,* 139 AD2d 802, 805 [1988]).

The Supreme Court correctly found that the documents submitted by the plaintiffs in support of their claim that an employment contract existed did not meet the requirements of the statute of frauds because they did not set out all of the material terms of the alleged employment contract (*see Crabtree v Elizabeth Arden Sales Corp., supra; Nausch v AON Corp.,* 2 AD3d 101 [2003]; *TSR Consulting Servs. v Steinhouse,* 267 AD2d 25, 26 [1999]; *Merschrod v Cornell Univ., supra; Gilinsky v Sarbro Realty Corp.,* 138 AD2d 823 [1988]). Therefore, since there was no enforceable agreement in this case, the complaint failed to allege circumstances establishing anything other than an at-will employment relationship (*see Doynow v Nynex Publ. Co.,* 202 AD2d 388, 389 [1994]).

The plaintiffs did not establish a claim for promissory estoppel because they did not show a "clear and unambiguous promise" by the defendants (*NGR, LLC v General Elec. Co.,* 24 AD3d 425 [2005]; *Gurreri v Associates Ins. Co.,* 248 AD2d 356 [1998]; *Rogers v Town of Islip,* 230 AD2d 727 [1996]). Nor is the doctrine of partial performance applicable here (*see Cunnison v Richardson Greenshields Sec.,* 107 AD2d 50, 54 [1985]).

Moreover, the conduct of the defendant Marck E. Baisch does not support a claim alleging intentional infliction of emotional distress (*see Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46 [1], Comment *d; Fischer v Maloney,* 43 NY2d 553 [1978]; *Fama v American Intl. Group,* 306 AD2d 310, 311-312 [2003]). Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.