(March 27, 2007)

■ AAA VIZA, INC., Respondent, v BUSINESS PAYMENT SYSTEMS, LLC, Appellant. [833 NYS2d 552]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 31, 2005, as denied those branches of its motion which were, in effect, pursuant to CPLR 3211 (a) (5) to

dismiss the causes of action to recover damages for breach of contract, tortious interference with contract, and unjust enrichment, and pursuant to CPLR 3211 (a) (7) to dismiss the cause of action to recover damages for unfair competition and granted the plaintiff's cross motion for leave to amend the complaint to assert a cause of action based on promissory estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that, although an alleged oral agreement regarding the payment of certain commissions to the plaintiff was not, by its terms, capable of being performed within one year (*see* General Obligations Law § 5-701 [a] [1]; *Zupan v Blumberg*, 2 NY2d 547, 550 [1957]), a November 22, 2004 letter from the defendant's counsel to the plaintiff set forth all of the agreement's essential terms, so as to defeat those branches of the defendant's motion which were, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the causes of action sounding in breach of contract, tortious interference with contract, and unjust enrichment as barred by the statute of frauds (*see Whitehorn Assoc. v One Ten Brokerage*, 264 AD2d 516, 517 [1999]). "On a CPLR 3211 motion made against a complaint," including a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint based on the statute of frauds, "a court must take the allegations as true and resolve all inferences which reasonably flow therefrom in favor of the pleader" (*Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998], citing *Sanders v Winship*, 57 NY2d 391, 394 [1982]). "In opposition to such a motion, a plaintiff may submit affidavits 'to remedy defects in the complaint' and 'preserve inartfully pleaded, but potentially meritorious claims.' Though limited to that purpose, such additional submissions of the plaintiff, if any, will similarly be 'given their most favorable intendment' " (*Cron v Hargro Fabrics, supra* at 366 [citations omitted]; *see O'Keeffe v Fava*, 278 AD2d 393, 394 [2000]). Giving the plaintiff's submissions their most favorable intendment, the letter can, through reasonable implication (*cf. Scheck v Francis*, 33 AD2d 91, 96 [1969], *affd* 26 NY2d 466 [1970]), support the plaintiff's contention that the defendant agreed to pay the commissions for as long as the defendant continued to receive "residual" payments on certain accounts procured by the plaintiff (*see Schleger v Treiber Group*, 303 AD2d 335, 335-336 [2003]; *Whitehorn Assoc. v One Ten Brokerage, supra* at 517). Accordingly, the Supreme Court correctly denied that branch of the defendant's motion which was to dismiss the cause of action to recover damages for breach of contract (*see* CPLR 3211 [a] [5]; *O'Keeffe v Fava, supra*).

In addition, to the extent that the complaint alleges that the defendant falsely held itself out to third parties as having purchased or acquired the plaintiff in order to "poach" the plaintiff's accounts, it states a cognizable cause of action to recover damages for unfair competition (*see White Studio, Inc. v Dreyfoos*, 221 NY 46, 49 [1917]). Thus, the Supreme Court correctly denied that branch of the defendant's motion which was to dismiss that cause of action (*see* CPLR 3211 [a] [7]).

Where, as here, there would be no undue prejudice to the defendant, the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the complaint to assert a cause of action based on promissory estoppel (*see Sclafani v City of New York*, 271 AD2d 430, 431 [2000]; *cf. Scarangello v State of New York*, 111 AD2d 798, 799 [1985]).

The defendant's remaining contentions are without merit. Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.