ELITE TECHNOLOGY NY INC. et al., Appellants, v ABRAHAM THOMAS et al., Respondents, et al., Defendants. [894 NYS2d 420]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered July 1, 2008, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to dismiss

the breach of contract counterclaims of defendants Thomas and John, unanimously reversed, on the law, without costs, the motion granted and the counterclaims dismissed. The Clerk is directed to enter judgment accordingly.

In their identical counterclaims, defendants Thomas and John allege that on or about June 13, 1993, they entered into an agreement with plaintiffs in which the parties memorialized their partnership and plaintiff Elite agreed to employ Thomas and John for a period of five years. Thomas and John allege that plaintiffs breached this agreement after three years, when, on July 16, 2003, plaintiffs Lu and Fan unlawfully sought to terminate Thomas's and John's "partnership interest" by, among other things, cutting off their credit cards, and by terminating their employment the next day.

The issue before us is whether these counterclaims for breach of a five-year "employment contract" are viable. Plaintiffs assert that the counterclaims are not viable because the agreement is for a stock purchase and does not contain all of the essential terms of an employment contract. Supreme Court rejected this argument, finding that "the provision in the Agreement concerning five year dedication by partners, while somewhat unusual, has enough of the aspect of an employment commitment to warrant discovery as to what the parties intended." We reverse and dismiss the counterclaims.

The essential elements of an effective employment contract "consist of the identity of the parties, the terms of employment, which include the commencement date, the duration of the contract and the salary" (*Merschrod v Cornell Univ.*, 139 AD2d 802, 805 [1988]; *see Durso v Baisch*, 37 AD3d 646 [2007]). Thomas and John contend that the agreement contains the required essential terms in that it provides that they would receive, in addition to salary, 49% of Elite stock in return for their sales expertise and five-year commitment to work for the company. As to the five-year employment commitment, Thomas and John rely on paragraph "7" of the agreement which provides: "7. Each and every of the parties herein agrees, represents and covenants to and with the other party or parties not to re-establish, re-open, be engaged in, nor in any manner whatsoever become interested, directly or indirectly, either as employee, as owner, as partner, as agent or as stockholder, director or officer of a corporation, or otherwise, in any business, trade or occupation similar to the Corporation, within the New York City Metropolitan area, including New York, New Jersey and Connecticut, for a term of five (5) years from the date he or she is no longer an employee or a shareholder of the Corporation.

Also each and every of the parties agree to dedicate at least 5 years from the date of the agreement towards their respective roles as partners in the company."

However, the agreement's recitals reference a sale of stock in Elite from its principals (plaintiffs) to defendants, not an employment agreement. Consistent therewith and in contradiction to Thomas's and John's claims, the agreement, which contains a merger clause, expressly provides for a sale of 49% of the stock in Elite to Thomas and John with the purchase price paid by defendants transferring their existing business and good will in their corporation, Quantum Venture, to Elite, along with their customers, expertise and contract rights with customers. While the noncompetition clause states that it will apply for five years from the date a party is no longer an "employee or a shareholder" and that each party shall dedicate at least five years from the date of the agreement towards their respective roles as "partners in the company," this language does not in and of itself create a five-year employment contract, and no other material employment terms are set forth. Accordingly, the agreement does not meet the requirements of the statute of frauds because it does not set out all of the material terms of the alleged employment contract (*see Durso*, 37 AD3d at 647), and does not provide any objective method for determining the missing material terms (*see Cooper Sq. Realty v A.R.S. Mgt.*, 181 AD2d 551 [1992]).

Defendants' subjective understanding of the agreement does not render its terms ambiguous with respect to the creation of an employment contract. Parol evidence may not be used to prove the parties' intent and establish essential missing terms where the instrument does not satisfy the statute of frauds (*see Henry L. Fox Co. v Kaufman Org.*, 74 NY2d 136, 142-143 [1989]; *Lanzet v Eastern Wholesale Fence Co.*, 213 AD2d 601, 602 [1995]; *Dorman v Cohen*, 66 AD2d 411 [1979]). Concur—Mazzarelli, J.P., Andrias, Saxe, Catterson and Acosta, JJ.