Baron v Suissa (2018 NY Slip Op 08453)





Baron v Suissa


2018 NY Slip Op 08453


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2014-11203
 (Index No. 10610/09)

[*1]Marcy R. Baron, appellant, 
v
Ronald Suissa, respondent.


Marcy R. Baron, White Plains, NY, appellant pro se.
Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated September 4, 2014. The order granted the defendant's motion, denominated as one pursuant to CPLR 2221(a) for leave to renew his pending and undecided motion pursuant to CPLR 3211 to dismiss the complaint and, upon renewal, granted the motion pursuant to CPLR 3211 to dismiss the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, upon renewal, granting those branches of the defendant's motion which were pursuant to CPLR 3211 to dismiss the first, second, third, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-third, and twenty-fourth causes of action, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof, upon renewal, granting those branches of the defendant's motion which were pursuant to CPLR 3211 to dismiss the fourth and seventh causes of action, except with respect to those portions of the fourth and seventh causes of action that relate to property purportedly owned by the plaintiff's son, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff and the defendant met in 1992, while each of them was married to another person. After the defendant obtained a divorce from his wife in or about 1995, the parties began living together and, thereafter, moved into a house located in Northport. The parties do not dispute that the defendant is the only person named on the deed and mortgage as the owner of the house. The plaintiff alleged, however, that the parties agreed that the house was to be retitled into joint ownership upon the completion of her divorce. The plaintiff also alleges that she and the defendant entered into an oral agreement to form an antiques business as partners and to share equally in the profits and inventory of the partnership. She further alleged that the defendant promised, in exchange for her domestic services and legal services to the defendant's other businesses during the course of the relationship, to maintain and support her and share equally in the income and assets acquired during the relationship. When the parties' relationship ended in 2008, the defendant sought to evict the plaintiff and her son from the house. The plaintiff alleged that the defendant removed from the house fixtures, antiques, and other personal property in which the plaintiff alleges she had an ownership interest.
In May 2009, the plaintiff commenced this action, seeking relief in the nature of, inter alia, a constructive trust, an accounting of partnership assets, specific performance, recovery for [*2]unjust enrichment, conversion, and replevin, and to recover damages for fraud and slander. The defendant moved, pre-answer, to dismiss the complaint pursuant to CPLR 3211(a)(1), (3), (5), and (7), but the motion was misfiled by the Supreme Court and remained pending and undecided for several years. In 2012, the defendant made a motion, denominated as one pursuant to CPLR 2221(a) for leave to renew his pending and undecided motion to dismiss the complaint. In the order appealed from, the Supreme Court, among other things, granted leave to renew and, upon renewal, granted those branches of the motion which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. The plaintiff appeals, and we modify.
CPLR 3211 provides, inter alia, that a party may move for judgment dismissing one or more causes of action on the ground that "the cause of action may not be maintained because of . . . [the] statute of frauds" (CPLR 3211[a][5]). "On a CPLR 3211 motion made against a complaint, including a motion pursuant to CPLR 3211(a)(5) to dismiss a complaint based on the statute of frauds, a court must take the allegations as true and resolve all inferences which reasonably flow therefrom in favor of the pleader" (AAA Viza, Inc. v Business Payment Sys., LLC, 38 AD3d 802, 803, quoting Cron v Hargro Fabrics, 91 NY2d 362, 366 [internal quotation marks omitted]).
We agree with the Supreme Court that, insofar as they related to real estate, the causes of action arising from the multiple purported oral agreements between the parties were required to be in writing pursuant to the statute of frauds (see General Obligations Law § 5-703). The court, however, failed to consider the plaintiff's contention in opposition to the defendant's motion that her allegations of partial performance under the purported agreements were sufficient to permit her claims related to real estate to survive the absence of an appropriate writing (see General Obligations Law § 5-703[4]). With respect to the defendant's alleged promise to retitle the house in both parties' names upon the plaintiff's divorce and in consideration of her alleged $100,000 contribution to the purchase price, the plaintiff's allegations were sufficient, at this early procedural stage, to fall within an exception to the statute of frauds and survive dismissal. Accordingly, the court should not have granted those branches of the motion which were pursuant to CPLR 3211(a)(5) to dismiss the seventeenth cause of action and so much of the twentieth cause of action as pertain to ownership of the house (see Mackenzie v Croce, 54 AD3d 825, 826).
We disagree with the Supreme Court as to the applicability of the statute of frauds to the plaintiff's allegations as to other express oral agreements between the parties, namely those related to her provision of domestic and legal services in exchange for support and sharing of business profits. Agreements between persons cohabiting together are not per se required to be in writing (see Morone v Morone, 50 NY2d 481, 487-488). Moreover, the plaintiff's allegations as to the terms of the oral agreements do not otherwise fall within the statute of frauds (see General Obligations Law § 5-703; Starr v Akdeniz, 162 AD3d 948, 949; Meagher v Doscher, 157 AD3d 880, 883; Kelley v Galina-Bouquet, Inc., 155 AD2d 96, 100). Accordingly, the court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(5) to dismiss the second, sixth, ninth, tenth, eleventh, twelfth, thirteenth, eighteenth, and nineteenth causes of action, and the part of the twentieth cause of action that does not pertain to ownership of the house.
We also disagree with the Supreme Court's determination granting that branch of the motion which was to dismiss the plaintiff's third cause of action pursuant to the statute of frauds. The third cause of action seeks the return of certain personal items that allegedly were owned by the plaintiff separately prior to her relationship with the defendant. Thus, the property that was the subject of that cause of action was not within the statute of frauds.
We agree with the Supreme Court that certain evidence submitted by the defendant in support of the motion did not constitute "documentary evidence" within the meaning of CPLR 3211(a)(1). Nevertheless, we disagree with the court's directing dismissal of the majority of the remaining causes of action, which are for equitable relief, on the ground that the same evidence established as a matter of law that the plaintiff had, among other things, engaged in a dubious scheme to avoid creditors and a Medicaid lien and, in doing so, had committed perjury by disclaiming, at that time, any ownership interest in the house, personal property of value contained in the house, and a safe deposit box and its contents. The court's determination that the plaintiff is, in effect, judicially estopped by that evidence is premature. Viewing the complaint in the light most favorable to the plaintiff and affording her every favorable inference, we find that the complaint [*3]sufficiently alleged causes of action to recover for conversion and seeking, inter alia, a constructive trust and replevin. Accordingly, the court should have denied those branches of the motion which were to dismiss the first, fifth, eighth, twenty-third, and twenty-fourth causes of action, and those portions of the fourth and seventh causes of action that did not relate to property purportedly owned by the plaintiff's son.
We agree with the Supreme Court's determination granting those branches of the motion which were to dismiss those portions of, inter alia, the fourth and seventh causes of action that relate to property allegedly owned by the plaintiff's son. The plaintiff failed to allege facts that would support her right to assert those causes of action on her son's behalf.
The parties' remaining contentions are without merit.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court