Cronemeyer v City of New York

2026 NY Slip Op 02056

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Daniel Cronemeyer, Appellant,

v

The City of New York, et al., Respondents, "John Does" 1-10, et al., Defendants.

Decided and Entered: April 07, 2026

Index No. 151551/23|Appeal No. 6293|Case No. 2025-01714|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered on or about February 24, 2025, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross-motion to compel discovery as moot, unanimously affirmed, without costs.

Initially, Supreme Court properly dismissed the complaint as against defendant New York City Police Department, which is a non-suable agency of the City (see NY City Charter § 396; Troy v City of New York, 160 AD3d 410, 411 [1st Dept 2018]).

Plaintiff failed to allege any nonconclusory facts linking his termination to his religion rather than his noncompliance with the vaccine mandate (see Lively v Wafra Inv. Advisory Group, Inc., 211 AD3d 432, 433 [1st Dept 2022]; Kola v City of New York, 245 AD3d 513, 514 [1st Dept 2026]; Brown v City of New York, 188 AD3d 518, 518-519 [1st Dept 2020]). His asserted belief — that as a Christian, he is created in God's image — has no nexus to a religious prohibition against vaccination (see Kola, 245 AD3d at 514; Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]). He also failed to establish constructive discharge, as he advanced no nonconclusory facts that defendants "deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" (Crookendale v New York City Health & Hosps. Corp., 175 AD3d 1132, 1132 [1st Dept 2019]). Plaintiff's cooperative dialogue claim was properly dismissed as well, as he availed himself of the approved appeals process and failed to establish how it fell short of the New York State or New York City Human Rights Law (see Matter of Marsteller v City of New York, 217 AD3d 543, 545 [1st Dept 2023], appeal dismissed and lv denied 41 NY3d 960 [2024]; Dougherty v City of New York, 245 AD3d 628, 629 [1st Dept 2026]). Additionally, plaintiff failed to sufficiently allege a claim for breach of his employment contract (see Elite Tech. NY Inc. v Thomas, 70 AD3d 506, 507 [1st Dept 2010]).

Plaintiff's Free Exercise claim fails, as there is no private right of action to recover damages for state constitutional violations where alternative remedies exist (see Dougherty, 245 AD3d at 630). His aiding and abetting claim necessarily fails absent an underlying discrimination violation of the City or State Human Rights Law (see Weir v Montefiore Med. Ctr., 208 AD3d 1122, 1123 [1st Dept 2022], lv denied 39 NY3d 911 [2023]). The declaratory relief claim is moot, as there is no live controversy between the parties following recission of the vaccine mandate in February 2023 (see CPLR 3001; Matter of New York City Mun. Labor Comm. v Adams, 222 AD3d 437, 438 [1st Dept 2023]).

Because the court correctly dismissed the complaint, it properly dismissed plaintiff's cross-motion for discovery as moot.

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER [*2] OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026